# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19 MJ 18

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | |
| ) | **ORDER** |
| **ERIC CALDERON,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

This matter is before the Court on the "Motion for Waiver of Speedy Trial and the Right to Have Charges Presented to Grand Jury Within 30 Days" ("Motion for Waiver") (Doc. 11). A hearing on the Motion for Waiver was conducted on March 18, 2019. Appearing at the hearing were counsel for the Government, counsel for Defendant, and Defendant.

Defendant was arrested on February 6, 2019. A criminal complaint (Doc. 1) was filed against Defendant on February 7, 2019. He appeared before the Court on February 8, 2019 for an initial appearance. Defendant next appeared before the Court on February 11, 2019, at which time Defendant waived his right to a preliminary hearing. A detention hearing was conducted, and Defendant was detained pending trial (Doc. 6).

The Motion for Waiver (Doc. 11) requests the following:

 1) That the Court order an extension of the deadline by which a bill of information or indictment must be filed in this case to April 5, 2019;

2) That the Court find that the ends of justice served by extending the deadline for the Government to file a bill of information or indictment outweigh the best interests of the public and Defendant in a speedy trial; and

3) That the time between the filing of the Waiver of Speedy Trial (Doc. 8) and the extended deadline for the filing of a bill of information or indictment be excluded from Speedy Trial Act computations. Id. at 2-3.

Such a motion may be allowed where the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" pursuant to 18 U.S.C. § 3161(h)(7)(A). See United States v. Mathurin, 690 F.3d 1236, 1241–42 (11th Cir. 2012) ("It is clear Congress specifically contemplated the possibility that one or both parties, for reasons not listed in the Act, might need more than thirty days before an information or indictment could be filed. For those cases, it established a specific procedure by which a court would have to approve the delay based on on-the-record 'findings that the ends of justice served by taking such [a delay] outweigh the best interest of the public and the defendant in a speedy trial.'").

Here, after consideration of the Motion for Waiver and the statements of counsel during the hearing, and a review of applicable authorities, including specific consideration of the provisions and factors appearing in 18 U.S.C. § 3161(h)(7), the Court finds and concludes that the ends of justice served by extending the deadline for the Government to file a bill of information or indictment outweigh the best interests of the public and Defendant in a speedy trial, and further that the time between the filing of the Waiver of Speedy Trial (Doc. 8) on March 8, 2019 and the extended deadline for the

filing of a bill of information or indictment allowed by this Order (April 5, 2019) should be excluded from Speedy Trial Act computations pursuant to 18 U.S.C. § 3161(h)(7)(A).

Accordingly, the Motion for Waiver (Doc. 11) will be allowed.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion for Wavier (Doc. 11) is **GRANTED**; and,

2. The deadline for the Government to file a bill of information or indictment in this case is **EXTENDED** to and including April 5, 2019.

Signed: March 18, 2019

W. Carleton Metcalf
United States Magistrate Judge